fraud has not been shown or found, the 10-year limitation provided for in section 388 of the Code of Civil Procedure is applicable, and not the limitation prescribed by subdivision 4 of section 382.

It follows that the plaintiffs' complaint should be dismissed, with costs. Let the proposed findings and judgment be settled before me on notice of two days.

Frederick W. Clifford (Henry H. Sawyer, of counsel), for appellants.
Henry E. Frankenberg, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Garretson at Special Term.

---

(119 App. Div. 169)

### CARPENTER v. CHICAGO, M. & ST. P. RY. CO.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. RAILROADS—CAPITAL STOCK—EXCHANGE OF BONDS FOR STOCK.

Under a stipulation in the bonds of a railroad company that they might be converted into preferred stock at any time within 10 days after any dividend was declared and became payable on the preferred stock, on surrender of the bonds and unmatured coupons, a bondholder who presented his bonds upwards of 60 days after a dividend declared had become payable was not entitled to exchange the same for preferred stock.

2. SAME.

Under a stipulation in the bonds of a railroad company that they might be converted into preferred stock at any time within 10 days after any dividend was declared and became payable on the preferred stock, on surrender of the bonds and unmatured coupons, a bondholder who presented his bonds after all the coupons had matured and had been paid was not entitled to exchange the same for preferred stock.

Action by Charles R. Carpenter against the Chicago, Milwaukee & St. Paul Railway Company to recover the value of 20 shares of the preferred stock of defendant. Controversy submitted upon an agreed statement of facts, under Code Civ. Proc. § 1279. Judgment for defendant, dismissing plaintiff's claim.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, HOUGHTON, and LAMBERT, JJ.

Herman Aaron, for plaintiff.
William B. Hornblower, for defendant.

McLAUGHLIN, J. This is a submission under section 1279 of the Code of Civil Procedure. It appears that on the 28th of June, 1905, the plaintiff was, and now is, the owner of two consolidated sinking fund mortgage bonds of the defendant, each for $1,000, dated July 1, 1875, maturing July 1, 1905, and which contained the following provision:

"The obligor also agrees to transfer to the bearer, at his option, ten shares, of $100 each, of its preferred stock, at any time within 10 days after any dividend shall have been declared and become payable on said preferred stock, upon delivery to the obligor in the city of New York of this bond and the unmatured coupons."

The last dividend upon the preferred stock of the defendant, prior to the maturity of the bonds, was declared March 8, 1905, and became

payable on the 24th of the following April. On the 28th of June, 1905, 3 days prior to the maturity of the bonds, and upwards of 60 days after the last dividend on the preferred stock had become payable, the plaintiff tendered to the defendant the bonds in question and demanded the issuance to him, in exchange therefor, of 20 shares of its preferred stock, which was refused upon the ground that the tender and demand had not been made within 10 days after the dividend on the preferred stock had been declared or become payable. When the bonds matured on the 1st of July, 1905, the defendant provided funds with which to pay the same, and it has ever since kept such funds at the place where the bonds were payable, and has been ready to pay them. The bonds have never been presented for payment, nor have they been paid. The last coupons attached to the bonds matured on the 1st of July, 1905, and these were presented and paid on or about that date. Some time subsequent to the 1st of July and prior to the 1st of October, 1905, just when does not appear, there was declared the first dividend on the preferred stock after the maturity of the bonds, and the same was made payable on the 10th of October, 1905, to stockholders of record at the close of business on the 23d of August, 1905. On the 11th of October, 1905, plaintiff again tendered the bonds to the defendant and demanded that 20 shares of its preferred stock be issued to him. The demand was again refused, and the plaintiff now seeks, by this submission, upon surrendering the bonds in question, to recover from the defendant the sum of $3,720, the value of the 20 shares of the preferred stock on the 28th of June, 1905, together with the interest thereon from that date. The defendant denies that the plaintiff is entitled to the relief asked, or to any relief.

I am of the opinion that the defendant is entitled to judgment dismissing the plaintiff's claim. The plaintiff did not bring himself within the provision of the bond which entitled him to make the exchange. There is nothing ambiguous in the language used. It is plain and specific. The bonds may be converted into stock "at any time within 10 days after any dividend shall have been declared and become payable on said preferred stock, upon delivery * * * of this bond and the unmatured coupons." To entitle one to an exchange, the bonds had to be presented within 10 days after a dividend had been declared and become payable, and there must then be unmatured coupons attached thereto. They could not be presented after the bonds had matured and the coupons all been paid. Therefore, when the presentation and demand were made in June, it was too late, because more than 60 days had elapsed after the dividend declared had become payable. The presentation and demand in October were ineffectual, because all of the coupons had become payable, and in fact had been paid, some time previous thereto. What the defendant agreed to do was to pay the bonds on the 1st of July, 1905, or to accept them before that date, in payment of preferred stock, providing certain conditions specified were complied with. The plaintiff did not comply with these conditions, and the defendant has been and now is ready to pay its bonds. Plaintiff is entitled to the payment of the bonds, but is not entitled to exchange them for stock. To hold otherwise would be construing the agreement between the parties in a manner which the

language used does not justify. A similar question was presented in Loomis v. Chicago, Milwaukee & St. Paul Ry. Co., 102 Fed. 233, 42 C. C. A. 290, and the conclusion reached by the Circuit Court of Appeals sustains the above view.

It follows, therefore, there must be judgment for the defendant, dismissing the plaintiff's claim, with costs. All concur.