Pierson R. Hildreth, S.
In a pending probate proceeding one of the executors named in the will makes this application upon a petition and order to show cause for several different types of relief. Combined are requests to vacate letters of temporary administration, to preclude for failure to supply a bill of particulars, to dismiss objections to the issuance of letters testamentary, for summary judgment, for an oral examination of parties or witnesses, and to strike from the court files a prior will of decedent.
The combined applications result in a confused joining of requests which have different procedural and statutory requirements. Furthermore, persons interested in one aspect of the application have no interest in other aspects, and jurisdiction has not been obtained over others who may have an interest. Some applications are premature, others are insufficient. For such and other reasons stated herein it is the opinion of the court that the application should be denied in its entirety.
Decedent died October 3, 1971, leaving as his sole distributee a brother, Henry Ralph Bayley. The present probate proceeding is for probate of a will of decedent dated August 6, 1971, under which the residuary legatee who will receive at least one half the estate is a niece, Doreen Bayley Booth. There has also been filed a prior will of decedent dated April 12, 1968, under which the same niece is residuary legatee.
The executors named in the wdll of August 6, 1971, E. F. W. Wildermuth and Alma Wildermuth, filed a petition for its pro *314 bate on December 14, 1971. Neither executor is a beneficiary. Citation issued December 14, 1971 to the brother as sole distributee returnable January 24, 1972. This application brought by order to show cause was returnable and heard on the same date.
In the probate proceeding the brother has appeared and requested an examination of the attesting witnesses to the will of August 6, 1971 pursuant to SCPA 1404, with extension of time to file objections until after such examination.
The niece has also appeared and filed objections to the appointment of the nominated executors which raise issues as to their qualification or eligibility under SCPA 707.
On the same date that the petition for probate was filed, December 14, 1971, but later in the day, a prior will of decedent dated April 12, 1968 was filed in the court. Jurisdiction has not been obtained over the beneficiaries and others named in such will. The petitioners have been directed by the court to bring in all such persons by supplemental citation, and the pending probate proceeding has been adjourned to the return date of such citation. Petitioners up to date of this decision have not submitted supplemental citation.
Before this probate proceeding began decedent’s brother as sole distributee applied for temporary administration. This was done November 22, 1971 and the court appointed the Public Administrator as temporary administrator. When such application was made no proceedings were pending either for probate or administration. The court is of the opinion that the situation revealed justified issuance of temporary letters of administration and that the Public Administrator was a proper person to be appointed. The function of the temporary administrator is primarily to protect assets for all concerned.
Executor, E. F. W. Wildermuth, who has made this application, asks that the temporary letters be revoked, alleging that the application for temporary letters falsely represented that he (Wildermuth) had declined to either file or probate the will of August 6,1971. Upon the facts presented on the record and during argument the court does not concur that any false representation was made.
Wb.at does appear, however, is that executor Wildermuth himself appears to have had possession of the original will when decedent died. Instead of filing it in court so it would be open as a public record which he should have done as expressly provided by SCPA 2508, he deposited it specifically for safekeeping as the will of a living testator paying required fee and receiving *315 proper receipt pursuant to SOPA 2507. This was done October 28, 1971, even though decedent was then dead. The will was accordingly, as required by subdivision 2 of the statute, ‘ enclosed in a sealed wrapper so that the contents thereof cannot be read * * * and shall not on any pretext whatever be opened, read or examined until ”. As a result of such act of Wildermuth the will was sealed from view, and was not filed as a public record until after letters, of temporary administration had issued. The court in its discretion could have dispensed with notice to the executors even if the will had been filed. (SOPA 902, subd. 5.)
Therefore, the application to vacate letters of temporary administration is denied. The court is of the opinion that it is in the best interests of the estate to continue temporary administration at least until after the probate proceeding is completed.
After the niece filed objections to the appointment of the named executors, the latter served a demand for a bill of particulars. The order, to show cause asks for an order of preclusion for failure to serve the bill. In the meantime, an examination of the executor Wildermuth has been requested, as to which counsel have advised the court of an intention to seek a protective order. At the hearing it was requested that all examinations be deferred until after determination of the show cause order. Under the circumstances the examination should be held before bill of particulars is furnished. The motion to preclude is denied without prejudice.
The show cause order asks that the objections of the niece to appointment of the executors be dismissed as insufficient in law and fact. The objections raise issues of fraud and other matters requiring a hearing. Considered as a motion, the request to dismiss such objections is denied.
The show cause order asks for summary judgment granting letters testamentary to the executors named in the will of August 6, 1971. Such request is made before validity of the will has been determined, and before jurisdiction has been obtained over all necessary parties. There is no authority for such a summary judgment. The request is denied.
The show cause order requests issuance of preliminary letters testamentary to executors named in the will of August 6, 1971. The basic purpose of SOPA 1412 providing for issuance of preliminary letters testamentary to nominated executors in certain instances is to provide for immediate administration when there may be delay in probate. It is generally presumed that probate will ensue in due course as soon as jurisdictional requirements *316 are met, and it is also presumed that there is not any question as to the eligibility or qualifications of the named executor or executors. Preliminary letters may thus issue in lieu of letters of temporary administration which would otherwise be required.
In this probate proceeding the eligibility of the named executors is in issue. The validity of the will has not been determined, and jurisdiction is not complete. Considering these factors, the matters previously mentioned, the wishes of the persons primarily interested, and the provisions of the will, the court is of the opinion that for all of these reasons it is in the best interests of this estate that the request for preliminary letters be denied. Were such letters issued they can be revoked for reasons deemed by the court to be in the best interests of the estate. (SOPA 1412, subd. 6, par. [c].) A fortiori the court may deny issuance in the first instance rather than indulge in the useless motion of issuance followed by immediate revocation.
The show cause order requests an oral examination of several persons. It is not clear as to the proceeding in which the examinations are sought or what circumstances exist to justify any of the examinations. Separate proper applications pursuant to the provisions of the CPLR should be made if any such examinations are to be sought. The requests are denied.
The show cause order requests that the will of decedent dated April 12,1968 be stricken from the files of the court. The request is denied as improper and without any sanction by law. A prior will of a decedent may be filed. In a proceeding for probate of a subsequent will process must issue to persons named in any other will filed. (SOPA 1403, subd. 1, par. [d].) Such persons named in the prior will are proper and may be necessary parties since they may have status to file objections. (Matter of Cohen, 151 Misc. 98; Matter of Rikert, 25 Misc 2d 492; Matter of Rose, 185 Misc. 33.)