William J. Began, S.
The deceased, Milton E. Smith, died on January 28, 1972, leaving him surviving his widow, Anna Louise Smith, and his daughter, Jeannie S. Porter. A document purporting to be his last will and testament, executed on May 21, 1970, was offered for probate in this court on March 28, 1972. The proponent, Adell Lafferty, is the nominated executrix under said will. After providing the minimum statutory bequests for the widow, a bequest of $5,000 to his daughter and a bequest of $500 to a niece, .the deceased bequeathed the residue of his estate to the proponent who also receives the remaining corpus of the trust provided for the widow upon the death of said widow.
On July 3,1972, verified, objections to the probate of the above will were filed with this court by both the widow and the daughter of the deceased. The objections contained allegations that the decedent “ was not of sound mind or memory and was not mentally capable of making a will ’ ’ at the time of the execution of said will and alleged further that the said will was procured by the fraud and undue influence of the proponent.
On August 11, 1972, a petition seeking limited letters and injunctive relief pursuant to SOPA 702 was presented to this court by the objectant, Louise Smith, for the express purpose of enabling her to bring a proceeding against the proponent to set aside various alleged invalid transfers of money and property allegedly made by the decedent to the proponent during *249 the lifetime of the deceased. It is alleged by the widow that various inter vivos transfers were effected by the deceased to the proponent, Adell Lafferty, which transfers consisted of personal property of the value of approximately $220,000, being the bulk of the decedent’s estate. Subsequent to the widow’s request and on September 5,1972, proponent requested that preliminary letters testamentary issue to her pursuant to SOPA 1412, and filed in support thereof the required petition, verification, oath and designation.
The situation thus presented is the first of its. kind in this court since the enactment of SOPA 1412 and there appear to be no reported decisions dealing squarely with this issue. Proponent contends that the court is mandated to issue preliminary letters testamentary to her, she being the nominated executrix under the will. The objectant widow contends that discretion is granted to the Surrogate to grant restrictive or temporary letters of administration to one other than the named executrix where verified objections to the probate of the will have been filed and the named executrix is charged with undue influence. SOPA 1412 (subd. 1) provides that whenever a petition for probate of a will has been filed and process issued thereon, an executor named in the will may file with the court a written request for the issuance to him of preliminary letters testamentary. Subdivision 3 thereof states that upon due qualification as provided in subdivision 5, preliminary letters testamentary must thereupon be issued to said person or persons. Subdivision 5 requires that before preliminary letters .testamentary are issued to a named executor he shall qualify as provided in section 708. SOPA 708 (subd. 2) requires, in turn, that the fiduciary state that, ‘ ‘ he is not ineligible to receive letters. ’ ’ The eligibility of a fiduciary to receive letters is determined by SOPA 707. It would appear, therefore, that the mandatory provision of SOPA 1412 is dependent upon a determination of eligibility under SOPA 707 where the question of eligibility is raised. SOPA 707 states the grounds which would disqualify a person from acting as a fiduciary and particularly sets forth under paragraph (e) of section 1 thereof as follows: “ § 707. Eligibility to receive letters. Letters may issue to a natural person or to a person authorized by law to be a fiduciary except as follows: 1. Persons ineligible * * * (e) one who is incompetent to execute the duties of his office by reason of drunkenness, dishonesty, improvidence or want of understanding.”
The court is well aware of the provisions of section 1412 and the reasons therefor. It is generally in the best interest of the *250 estate and estate beneficiaries that the nominated executor under a will be given preliminary letters testamentary for the purpose of expediting the administration of the estate where there would otherwise be delay. Needless to say, the best interests of the estate and its beneficiaries must be considered and delay should be avoided, particularly in the face of a will contest. However, such intent may become completely frustrated where the nominated executor may well be reluctant, or, because of interests adverse to that of the estate, may firmly refuse to take such action as may be required in bringing certain assets into the estate and preserving estate property. The concern of this court is not only to protect assets already in the estate, but also to take whatever measures may be necessary to bring assets into it. It is foreseeable under the circumstances presented in this proceeding that' the best protection that the estate and its beneficiaries. might have is by the appointment of a fiduciary who is a complete stranger to the estate.
In an earlier decision of this court in 1967 in Matter of Scheu (29 A D 2d 626), the party designated as executrix in the will was denied letters testamentary and the will was admitted to probate'upon the issuance of letters of administration with the will annexed to residuary beneficiaries. This was done after very careful consideration was given to the allegations of improvidence, wrongdoing, etc., that were contained in that proceeding. The Appellate Division held that an allegation that an executor named in the will had exercised undue influence and made misrepresentations to the testator, if liberally construed and proven, would establish incompetence under 707. However, a hearing was required at which each side could present its proof. It is to be noted, however, that objections to the probate of the will were not filed in that proceeding and the will was permitted to go to probate. Thus there was laid therein the basis for denial of letters testamentary to a named executor where it is satisfactorily established that such executor named in the will had exercised undue influence and made misrepresentations to the testator. It has always been the rule that, in the absence of valid objections to the nominated executor, in an application for temporary administration the nominated executor should be named temporary administrator. (Matter of Shonts, 109 Misc. 276, affd. 229 N. Y. 374; SCPA 901.) There is no question but that the wishes of the testator, the economies involved, the delays that would otherwise ensue, etc., must all be considered. Generally the conclusion that must be reached is that the appointment of the named executor as temporary administrator will *251 best serve the interest of the estate and the estate beneficiaries. It has been held, however, that where a bona fide issue of undue influence is presented, a nominated executor will not be appointed. (Matter of Ranney, 78 N. Y. S. 2d 602, affd. 273 App. Div. 1057.) The Ranney case was somewhat similar to the proceeding herein in that verified allegations of fraud and undue influence were filed, together with a bill of particulars, setting forth a history of insanity, delusions and so forth for several years prior to the execution of the will, as well as allegations of control over expenditures, visits by relatives, etc.
It would appear, therefore, that in view of the allegations of undue influence, of the mental and physical infirmities suffered by the decedent for a long period of time prior to his death, the allegation of suicide attempts by the deceased, the allegation of control and management by the proponent over the deceased’s personal and financial affairs, and in view of the substantial amounts which are allegedly involved herein, this court cannot at this time find that the wishes of the testator or the best interests of the estate would be served by the appointment of the named executor. Nor would it appear to be in the best interest of the estate or of the estate beneficiaries that the objectant, Louise Smith, be appointed temporary administrator in view of the charges of harassment that would undoubtedly be made by other parties. There are matters herein involved which are not simple matters of possible conflict of interest, personalities and frivolous charges and countercharges, but are of a very serious and substantial nature which, in .the opinion of this court, warrant the appointment of a party as temporary administrator who will be impartial as concerns all the parties involved.
It is accordingly the decision of this court that the respective petitions of the parties herein for the appointment of a temporary administrator be denied and that letters of temporary administration be granted to the Public Administrator of Brie County, pending the probate contest herein.