Millard L. Midonick, S.
There is before the court in this probate proceeding an application for preliminary letters testamentary pursuant to SCPA 1412, by Abraham Lautman who is named together with the United States Trust Company of New York as executors in the last codicil executed by the decedent. A counterapplication has been submitted by Ruth Bricker, Charles Ballon and the United States Trust Company for the issuance of preliminary letters testamentary to them. They are named in a prior codicil to decedent’s will. In the counterapplication the eligibility of Abraham Lautman to serve together with the United States Trust Company as fiduciary in this estate is questioned by the individual executors named in the earlier instrument. The corporate fiduciary indicates that it consents to act alone but refuses to act in conjunction with Lautman.
It is alleged that there were numerous acts of wrongdoing on Lautman’s part acting in the capacity of decedent’s attor *959 ney in fact and coconservator during her lifetime. Lautman is charged with failure to deliver to his coconservators records, documents and assets of Anna R Lazarus, preventing access to decedent’s apartment, drawing checks payable to himself or cash, and wrongful investment of the decedent’s funds in Great Britain.
SCPA 1412 (subd 2, par [a], as amd in 1973) says: "Unless, for good cause shown, the court shall otherwise direct, the person named as executor in the latest such will shall have a prior right to preliminary letters testamentary.”
Professor Paul J. Powers in the 1973 Practice Commentary to SCPA 1412 (McKinney’s Cons Laws of NY, Book 58A, 1975-1976 Pocket Part, pp 55-56) indicates that: "The executor named in the later will has the prior right to letters, but 'for good cause shown’ the court may direct the letters to issue as the court deems best. The issuance of preliminary letters was deliberately made mandatory in its original form, but the situation here outlined is one that calls for the exercise of a wise discretion on the part of the court. Sometimes the circumstances surrounding the execution of the later will casts [sic] so much suspicion as to require the exercise of a wise judgment for the protection of all parties.” The reference to a "will later in date than that in which the first applicant is appointed” (SCPA 1412, subd 2, par [a]) includes a codicil to a will later in date than the codicil which appoints the first applicant.
The intent of the Legislature in requiring the issuance of preliminary letters to the person named in the latest testamentary instrument is to expedite the estate administration, avoid unnecessary expense in fiduciary compensation and prevent the multiplication of contests within a contest. (See Second Report of the Commission on the Law of Estates, p 95; Powers, 1970 Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1412.) In the absence of a successful contest, the persons named in the latest instrument offered for probate would become the estate fiduciaries. In an estate where other persons are named in an instrument of earlier date, the Legislature has permitted the court to deviate from the rule of tentative recognition of the latest one in date but only "for good cause shown”. In this case the United States Trust Company is named as executor in all instruments which have been offered for probate. The exercise of a sound discretion, a regard for expense to the estate and for the best *960 interests of the parties dictate the immediate issuance of preliminary letters to the United States Trust Company.
No one objects to the eligibility of the United States Trust Company of New York, but Lautman insists on jointly serving as such. Pending a hearing to be held on the question of good cause and eligibility pursuant to SCPA 707, 1412, preliminary letters will issue to the United States Trust Company of New York alone as preliminary executor.
The question whether there is shown "good cause” for passing over one named in the latest instrument does not necessarily require a full hearing. It could sometimes be determined on the basis of affidavits or a summary hearing. (See SCPA 1410 and decisions relating to "good cause shown”.) The avoidance of a "contest within a contest” indicates the desirability of such procedure where feasible. Not every case will lend itself to such procedure. The author of the 1970 Practice Commentary to SCPA 1412 (McKinney’s Cons Laws of NY, Book 58A) was also chairman of the Committee on Simplification of New York Probate (Second Report of Commission on the Law of Estates, p 90) which first proposed the idea of preliminary letters (p 95). The Practice Commentary (1975-1976 Pocket Part, pp 58-59) points out that: "Nothing is really served by having a contest over preliminary letters as a prelude to a probate contest. The Commission’s objective in that respect seems sound.” The purpose of putting a fiduciary immediately in office so that appropriate steps can be taken to preserve the estate and advance its interests is served by the issuance of preliminary letters to the one person wbo is named in the will and in every codicil.
Due process requires that the named executor, Abraham Lautman, have an opportunity to be heard on the charge of his ineligibility. Citation is returnable in the probate proceeding on November 5, 1975. There is as yet no pleading asserting invalidity of the last codicil in which Lautman is named. If a contest develops, a multiplicity of proceedings would be avoided by hearing the issues raised as to Lautman’s eligibility after the will contest. In the event the last codicil is denied probate the issue a,s to Lautman’s qualification will be moot. Should there be no contest, counsel will advise the court and an early hearing on eligibility will be set.
Submit order on notice awarding preliminary letters accordingly.