OPINION OF THE COURT
Arthur S. Hirsch, J.
This is a motion for an order striking the answer of defendant, Concord Enterprises of Staten Island, Inc., and for a judgment in favor of plaintiff directing defendant to transfer ownership and convert 80 debentures to the common capital stock of the defendant in the name of plaintiff.
The owner of the debentures, until the time of his death on February 8, 1973, was Peter J. Timpone, Sr., father of plaintiff. Father and son were physicians and both were stockholders in the defendant corporation in their own right. Defendant *692 is the owner of property in Staten Island upon which is located Doctors Hospital. All stockholders of defendant are partners in the hospital and all, upon being accepted in the partnership, were required to purchase a number of shares in defendant corporation.
The elder Mr. Timpone, an organizer and stockholder of Concord, left a purported will leaving his entire estate, including the 80 convertible debenture bonds to his widow. Objections were filed by plaintiff and his sister and a will contest ensued, which was finally settled on December 20, 1975. The will was then admitted to probate and on April 23, 1976 letters testamentary were issued to the widow of the deceased.
The ownership of the convertible debentures was assigned and transferred to plaintiff shortly thereafter and he, in turn, presented the debentures to defendant for conversion to the common stock of the corporation. There appears a sharp question as to whether the transfer was part of the settlement, or whether it was an independent sale for consideration. That fact, although controverted, is not pertinent to the immediate question before the court.
Defendant has refused to convert said debentures on the grounds that (1) the debentures were not turned in during the time specifically provided on the face of the debentures: i.e., August 1, 1973 to September 30, 1973 and (2) that the failure on the part of the debenture holder to exercise his option within the prescribed period were deemed by the terms and conditions of the debentures to constitute a waiver of his right to such conversion.
Plaintiff, relying on Allen v Biltmore Tissue Corp. (2 NY2d 534, 544) and Matter of Maguire (161 Misc 219) contends that until the lengthy will contest was terminated and letters testamentary were issued, the "legal representative” of the deceased was not ascertainable. Consequently, there was no one, no "holder”, in the position to act on behalf of the estate to convert the debentures.
In the Allen case, the by-laws of the corporation gave it the option to purchase shares of corporate stock belonging to a deceased stockholder, but if this option was not exercised, then, after a lapse of 90 days, the legal representative could dispose of said stock to whomever he wished. As the by-laws did not specify when the 90-day period was to commence, it was necessary for the court to provide a reasonable date, which it did by determining that time to be the date of the *693 issuance of letters testamentary. The distinguishing facet of the instant case lies in the existence of specific dates for conversion found on the face of the debentures, dates which were agreed upon by the original holders of the debentures and the corporation.
The Maguire case differs sharply as to the fact pattern of the instant case and thus does not support plaintiff’s position.
It has long been established in this State that time limitations imprinted on the face of a bond are to be strictly adhered to, and that the "holder” of convertible bonds must exercise his option before the expiration of the specified time (Carpenter v Chicago, Minneapolis & St. Paul Ry. Co., 119 App Div 169; Philip v Proydra, Inc., 28 AD2d 1100; 19 CJS, Corporations, § 1167, subd [c]).
In the case at bar, the question still remains as to whether, during the period from August through September, 1973, there was a "holder” who could have acted to effectuate a conversion of the debentures. We are of the opinion that there could have been, and should have been, one such person.
The Surrogate’s Court Procedure Act has provisions for the appointment of a temporary administrator to deal with emergency situations until such time as an executor or legal representative is designated (SCPA 901). A Surrogate’s Court will issue letters for an interim representative to cover those situations where a temporary administrator might be required for the protection and conservation of estate property for a period of time during which a personal representative could not be appointed. In this way, the court can prevent the diminishing or wasting of the assets of the estate which will result because of failure to reduce them to possession (Matter of Ranney, 78 NYS2d 602, affd 273 App Div 1057). Obviously, a prospective delay in the admitting of a will to probate is a situation particularly amenable to the use of this statute.
An estate which, in part, consists of securities and is involved in a contested probate is a prime example of one which can use the procedural remedy made available by SCPA 901 (see Matter of Reardon, 230 NYS2d 458). The instant case falls clearly within this description.
The usual and more facile procedure used in these situations is found in SCPA 1412, which provides for preliminary letters testamentary. Under that statute, however, only the executrix named in the will could file a request with the court; the plaintiff herein would have had no standing to *694 make such application. From the point of view of the plaintiff, this would not have been satisfactory as the interests of the widow-executrix did not coincide with his interests. The appropriate action for him to have taken was clearly pursuant to SCPA 901, whereby either the plaintiff, as son of the decedent and one of the contestants, or the widow, were proper parties to request an appointment of a temporary administrator (SCPA 902, subd 7). Had the plaintiff followed this course, the debentures could have been converted within the strict time limitations provided.
Plaintiff who has been a stockholder in his own right and a member of the partnership cannot claim to be ignorant of the possible conversion dates. At any rate, having become the assignee of the debentures, he is credited with the knowledge of the assignor, concerning the conditions set forth on said debentures (Friedman v Nagin, 270 App Div 503).
The other doctors who are stockholders and who converted their debentures did so at the prescribed time period and received an amount equal to the value of defendant’s stock in 1973, the time of conversion. To allow plaintiff to ignore the time conditions and convert the debentures now, would unjustly enrich him at the expense of the other stockholders, since it is undisputed that the value of defendant’s stock is far greater today then at the date of conversion set forth in said debentures.
In light of the above, plaintiff’s motion to strike the answer interposed by defendant and for judgment in favor of plaintiff is denied, and since their remains no issues of fact to be determined at trial in view of the decision herein, summary judgment is granted to defendant.