OPINION OF THE COURT
John B. Riordan, J.
This is an application for preliminary letters testamentary.
*540 The decedent, Ruth E Mandelbaum, died on March 6, 2004 leaving a will dated April 5, 1999 (the 1999 will) and two prior wills dated June 5, 1998 (the 1998 will) and November 26, 1997, all of which were filed with the court. All three wills nominate the decedent’s sister, Audrey Sandler, and the decedent’s nephew, Bruce Gillman, as coexecutors.
The 1999 will provides that the decedent’s residuary estate shall be distributed 50% to Audrey Sandler and 50% to Bruce Gillman and his wife, Francine Gillman. The 1998 will, however, provides that 50% of the residuary estate will be distributed to Audrey Sandler, 25% to Audrey Sandler’s son, Brent Sandler, and his wife, Susan Sandler, and 25% to Bruce Gillman and his wife, Francine Gillman. All of the wills contain an in terrorem clause and dispense with the filing of a bond.
By petition filed with the court on July 29, 2004, Bruce Gill-man offered the 1999 will for probate. Audrey Sandler, although named in the 1999 will as a coexecutor, has failed to join in the petition. Thereafter, by petition filed with the court on December 21, 2004, Audrey Sandler applied for preliminary letters testamentary based upon her nomination as coexecutor under the 1998 will. In her prayer for relief, Audrey Sandler asked that preliminary letters issue solely to her alleging that Bruce Gillman “has made no attempt to have a preliminary appointment made in this matter.” By petition dated January 17, 2005, Bruce Gillman petitioned for preliminary letters testamentary based upon his nomination as coexecutor under the 1999 will. Bruce Gillman requests that preliminary letters issue solely to him since Audrey Sandler may object to admission of the 1999 will to probate because her son would receive a portion of the residuazy estate under the 1998 will.
A person named as executor has a moral obligation to offer a putative will for probate (Matter of Williams, 71 Misc 2d 243 [1972]). That moral obligation, however, does not rise to a legal obligation (Matter of Badore, 73 Misc 2d 471 [1973]). Further, a nominated fiduciary need not offer for probate a will which he believes to be invalid (Matter of Chapin, 167 Misc 388 [1938]). In the instant case, Audrey Sandler has chosen not to join in the petition for probate of the 1999 will or to seek preliminary letters on the basis that she is named as a coexecutor under the 1999 will, presumably because she will be challenging the validity of the 1999 will.
*541 SCPA 1412,* which governs the issuance of preliminary letters testamentary, was enacted to provide a form of letters to the named executor which would allow for the immediate administration of the estate when there may be a delay in probate. The purpose of SCPA 1412 was to honor the testator’s preference regarding the appointment of a fiduciary, even on a temporary basis, and to reduce the possibility of frivolous preprobate contests (Estate of Hubbard, NYLJ, Aug. 25, 1997, at 30, col 2; Estate of Roth, NYLJ, Sept. 16, 1999, at 35, col 5; Tur ano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1412, at 344). Preliminary letters allow the estate administration to be expedited and proceed as close to normal as possible and prevent contests within a contest (see, e.g., Matter of Smith, 71 Misc 2d 248 [1972]; Matter of Bayley, 72 Misc 2d 312 [1972], affd 40 AD2d 843 [1972], appeal dismissed 31 NY2d 1025 [1973]).
Although a will may be offered for probate by persons other than the nominated executor (SCPA 1402), an application for preliminary letters may only be made by the executor named in the testator’s will (SCPA 1412 [1]). A person not named as an executor has no standing to seek preliminary letters (Timpone v Concorde Enters. of Staten Is., 93 Misc 2d 691 [1978]). Moreover, SCPA 1412 provides that where the application is made by one of several nominated executors, notice must be given to all persons who, pursuant to the terms of the will, have a right to letters testamentary equal to that of the petitioner (SCPA 1412 [1], [2] [a]). If any person has an equal right to letters, i.e., a named coexecutor, such person may join in the application. Where process has issued, the issuance of preliminary letters under section 1412 is mandatory “[u]pon due qualification” (SCPA 1412 [3] [a]). If process has not yet issued, preliminary letters may issue in the discretion of the court upon due qualification (SCPA 1412 [3] [a]).
A testator’s wishes regarding the appointment of a fiduciary even on a temporary basis will be honored unless there are serious and bona fide allegations of misconduct or wrongdoing (Estate of Alfano, NYLJ, May 29, 2001, at 32, col 6; Estate of Schill, NYLJ, Mar. 15, 2000, at 30, col 2; Estate of Fordham, NYLJ, Dec. 16, 1998, at 22, col 6; Estate of Fruchtman, NYLJ, Nov. 28, 1997, at 35, col 1). Preliminary letters may be denied, *542 however, where the nominated, executor’s eligibility is at issue (Matter of Bayley, 72 Misc 2d 312 [1972], affd 40 AD2d 843 [1972], appeal dismissed 31 NY2d 1025 [1973]). Where there is a clear showing of undue influence or other serious misconduct or wrongdoing, the court can decline to appoint the nominated fiduciary as preliminary executor on the grounds that the dishonesty makes him ineligible under SCPA 707 (Estate of Roth, NYLJ, Sept. 16, 1999, at 35, col 5; Matter of Kunicki, NYLJ, Aug. 30, 1999, at 30, col 6; Estate of Scamardella, NYLJ, June 3, 1996, at 32, col 4). Generally, however, mere conclusory allegations that a nominated fiduciary is unfit are insufficient to deny preliminary letters (Matter of Vermilye, 101 AD2d 865 [1984]; Estate of Piterniak, NYLJ, Sept. 20, 2002, at 23, col 1; Matter of Relia, NYLJ, Mar. 16, 1999, at 28, col 5; Estate of Nigro, NYLJ, Feb. 3, 2003, at 23, col 3). Further, if it is in the best interest and protection of the estate and its beneficiaries to appoint a fiduciary other than the nominated executor, temporary letters may issue to the public administrator (Estate of Cavallo, NYLJ, Dec. 21, 2001, at 26, col 4; Matter of Smith, 71 Misc 2d 248 [1972]).
SCPA 1412 (2) (a) affords an executor named in a later will a priority over an executor named in an earlier will. Where competing wills are offered, the court may, however, issue preliminary letters to the executor of the earlier will for “good cause shown” (SCPA 1412 [2] [a]). Good cause shown has been found to exist where the circumstances surrounding the execution of the later will are so suspect that issuance of letters to the executor of the earlier will will better protect the parties (Matter of Lazarus, 84 Misc 2d 957 [1975]).
Here, Audrey Sandler has requested that preliminary letters issue to her as a coexecutor under the 1998 will, not as a coexecutor under the 1999 will. Thus, Bruce Gillman, as a coexecutor named in the later will, has a prior right to letters pursuant to the provisions of SCPA 1412 (2) (a). Under SCPA 1412, preliminary letters must issue to Bruce Gillman in the absence of good cause shown or serious misconduct which renders him unqualified (Estate of Roth, NYLJ, Sept. 16, 1999, at 35, col 5).
Ms. Sandler argues that preliminary letters should issue solely to her because Bruce Gillman neglected to apply for preliminary letters in a timely fashion. In Matter of Alleyne (NYLJ, Aug. 31, 1994, at 22, col 5), Surrogate Roth denied preliminary letters to the nominated executor finding that the nominated fiduciary *543 could, not justify the inordinate delay in proceeding with the administration. Here, the decedent died on March 6, 2004, and the 1999 will was offered for probate by petition dated July 29, 2004. Mr. Gillman avers that the 1999 will would have been offered for probate sooner but for the uncertainty of whether Audrey Sandler would be joining in the petition. Moreover, because the prior wills were filed with the court, service of process must issue to all persons adversely affected by the 1999 will. Thus, Mr. Gillman has the task of locating a number of persons who were beneficiaries under the prior wills. Mr. Gillman’s counsel states, by affidavit, that substantial effort has been made to locate such persons. Unlike in Matter of Alleyne (NYLJ, Aug. 31, 1994, at 22, col 5), here the record does not indicate that the delay in this proceeding was the result of any neglect on Mr. Gillman’s part.
Ms. Sandler’s allegation that Mr. Gillman is not qualified to act as a fiduciary (SCPA 707, 708) fails to go beyond conclusory allegations which are clearly insufficient to provide a basis for the denial of preliminary letters testamentary. She has failed to demonstrate “good cause” or serious wrongdoing which would permit the court to nullify the testator’s choice of fiduciary. Accordingly, Ms. Sandler’s application for preliminary letters testamentary predicated on her nomination as a coexecutor under the 1998 will is denied, and Mr. Gillman’s application for preliminary letters testamentary as a coexecutor under the 1999 is granted. However, should Ms. Sandler join in the petition for probate of the 1999 will, she would have an equal right to preliminary letters and may, at such time, make an application to the court asking that the preliminary letters be extended to her (SCPA 1412 [2] [a]).
The 1999 will dispenses with the filing of a bond. Pursuant to SCPA 1412 (5), even if the will dispenses with the filing of a bond, the court may require a bond if “extraordinary circumstances” exist. There are no such extraordinary circumstances here (see, Estate of Alfano, NYLJ, May 29, 2001, at 32, col 6).

 The Legislature created a new form of letters known as preliminary letters in 1963 (Surrogate’s Court Act § 153-a). Surrogate’s Court Act § 153-a was reenacted without substantial change as SCPA 1412.