■ In the Matter of the Estate of BORIS LURIE, Deceased. DANIEL Z. RAPOPORT, Appellant, et al., Petitioners; BANK OF NEW YORK, Respondent. [872 NYS2d 446]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered April 16, 2008, which, insofar as appealed from, denied petitioner-appellant's application for preliminary letters testamentary, and instead granted letters of temporary administration to the Bank of New York, unanimously reversed, on the law, without costs, the letters granted to the Bank of New York vacated, and appellant's application granted.

In a petition dated February 14, 2008, appellant Daniel Z. Rapoport and petitioners Richard Nadelman and Gertrude Stein sought to probate the December 28, 2005 will of Boris Lurie and requested that preliminary letters testamentary be issued to them. In April 2008, the Surrogate issued an order denying the requests for preliminary letters testamentary and appointed the Bank of New York as the temporary administrator of the estate. Only Mr. Rapoport appeals here.

Although a Surrogate has discretion to deny preliminary letters even to a nominated executor where process has not yet issued (SCPA 1412 [3] [a]), in our view there was no viable basis to do so here. There is no reason to suppose that the distant cousin of the testator who remained to be served in this matter will have any information or impact on the administration of the testator's estate, and the question of the validity of the will remains, as always, to be dealt with in the context of the proceeding. The possibility there will be a challenge to the testator's testamentary capacity does not militate in favor of appointing the Bank of New York rather than the nominated executor.

Petitioner was a nominated executor, and as such his petition should have been granted "unless there are serious and bona fide allegations of misconduct or wrongdoing" (*Matter of Mandelbaum*, 7 Misc 3d 539, 541 [2005]). The information presented to the Surrogate does not establish any such ground to deny the petition.

The information contained in the record does not establish that petitioner is unfit by reason of "want of understanding" (*see* SCPA 707 [1] [e]). Indeed, there is no particular reason to doubt his qualifications, or the qualifications of those he would employ to assist him in the task of uncovering and handling the decedent's overseas assets and the existence or identity of distributees, any more than there is reason to doubt the qualifications of the Bank of New York employees who will be assigned those tasks.

The asserted business relationship between petitioner and the decedent does not constitute such a conflict as could disqualify him as nominated executor (*see Matter of Marsh*, 179 AD2d 578, 580 [1992]; *Matter of Foss*, 282 App Div 509, 513 [1953]). Nor does his inability to present the court with complete information at this time regarding the decedent's $30 million bequest to a purported Liechtenstein foundation cast doubt on the propriety of his nomination as executor.

Finally, the perceived need for a bond, at the estate's expense, did not justify denying petitioner's application for temporary letters. Under SCPA 1412 (5) the court may order a bond solely upon a finding of "extraordinary circumstances," while the Surrogate found only "problematic facts underlying the propounded instrument." Indeed, to the extent that the Surrogate was concerned about Rapoport serving without a bond, she could have appointed the bank as a second temporary administrator. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.