Order, Surrogate’s Court, New York County (Nora S. Anderson, S.), entered on or about March 6, 2013, which, to the extent appealed from, denied petitioners Dawn Rattner and Bambi Rattner’s (petitioners) request for preliminary letters testamentary and directed that temporary letters issue to the Public Administrator, unanimously reversed, on the law and the facts, without costs, preliminary letters granted to petitioners, and the Public Administrator’s temporary letters revoked.
Petitioners (decedent’s daughters) were nominated executors in each of the three wills executed by decedent. “A testator’s choice of executor is not lightly to be disregarded” (Matter of Gottlieb, 75 AD3d 99, 106 [1st Dept 2010], lv denied 16 NY3d 706 [2011]). Because process had issued, and because petitioners provided the affidavits required by SCPA 708, preliminary letters testamentary were required to be issued to petitioners (see SCPA 1412 [3] [a]) unless bona fide issues of wrongdoing were raised (see SCPA 707 [1]). In this case, there was no showing of misconduct or wrongdoing (see Matter of Lurie, 58 AD3d 575, 576 [1st Dept 2009]). Although petitioners tried to probate decedent’s 2006 will rather than his latest, 2009 will, “a nominated fiduciary need not offer for probate a will which he believes to be invalid” (Matter of Mandelbaum, 7 Misc 3d 539, 540 [Sur Ct, Nassau County 2005]). Further, petitioners claim that when they transferred decedent’s East End Avenue apart *601 ment to a trust, they were not aware of the 2008 and 2009 wills giving the apartment to cross petitioner, Ruth Koppel Rattner. In any event, if the 2008 and 2009 wills are found to be invalid, the transfer would not be contrary to decedent’s testamentary intent. Moreover, “it is actual misconduct, not a conflict of interest, that justifies the removal of a fiduciary” (Matter of Rudin, 15 AD3d 199, 200 [1st Dept 2005], lv denied 4 NY3d 710 [2005]). Nor does the hostility between cross petitioner and petitioners require denial of preliminary letters to petitioners (see id.).
Neither cross petitioner nor the Public Administrator relies on the reasons given in the Surrogate’s decision to deny petitioners preliminary letters. We also find those reasons insufficient. Concur — Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.