| Matter of Murrell |
|---|
| 2024 NY Slip Op 34635(U) |
| December 30, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021/251 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x
Probate Proceeding, Petition by Dana Holland,
in the Estate of

ESTHER MURRELL,

                                    Deceased

-------------------------------------------------------------------------x
Probate Proceeding, Cross-Petition by Carolyn Gilliard,
in the Estate of

ESTHER MURRELL,

                                    Deceased.

-------------------------------------------------------------------------x
Application for Preliminary Letters Testamentary by
Carolyn Gilliard, in the Estate of

ESTHER MURRELL,

                                    Deceased.

-------------------------------------------------------------------------x

DECISION and ORDER
ISSUING PRELIMINARY
LETTERS TESTAMENTARY
and LETTERS of TEMPORARY
ADMINISTRATION

File No.: 2021-251

File No.: 2021-251/A

File No.: 2021-251/B

M E L L A, S.:

Presently before the court is an application by Carolyn Gilliard (Gilliard) for Preliminary

Letters Testamentary in the estate of Esther Murrell (decedent). The application is incident to

Gilliard's cross-petition for probate of an instrument dated February 5, 2019 (February Instrument).

Dana Holland (Holland) petitions for the issuance of Letters of Administration c.t.a. to her, attendant

to her petition for probate of a January 31, 2019 instrument (January Instrument),[1] and also opposes

Gilliard's application for preliminary letters.

For the purposes the present application, a brief recital of the pertinent history of this estate is

warranted.

---

[1] It appears that no original of this instrument has been proffered.

## Background

Decedent passed away on March 11, 2020, at the age of 93. According to Gilliard's and Holland's petitions, decedent was not survived by any distributees.[2]

Almost a year after decedent's death, Holland filed her petition, along with a Renunciation of Appointment as Executor executed by Gilliard (SCPA 1417[1]), seeking probate of the January Instrument, which bequeaths decedent's residuary estate to Holland and Gilliard in equal shares. It nominates Gilliard as primary executor and Holland as the successor executor.

A few months later, Gilliard filed a Retraction of her Renunciation pursuant to SCPA 1417(2), and shortly thereafter her cross-petition for probate of the February Instrument and application for Preliminary Letters Testamentary. Under this instrument, Gilliard is nominated as sole executor with no named successors. The instrument bequeaths decedent's entire residuary estate to Gilliard and Holland. Gilliard represents that she seeks to be appointed fiduciary to be substituted in for decedent in a New York County Supreme Court action that Gilliard commenced against Citibank and decedent's estate ("Supreme Court Action") regarding ownership of a bank account that decedent and Gilliard jointly owned.[3] This action has been stayed pending the appointment of a fiduciary for decedent's estate.

Holland objects to Gilliard's appointment as fiduciary arguing that she is ineligible, pursuant to SCPA 707(1)(d), because she engaged in self-serving behavior including the conversion of decedent's assets at Citibank. Holland specifically requests that this court disqualify Gilliard from serving as executor of decedent's estate and that Holland be appointed fiduciary instead.

---

[2] No affidavit of kinship has been filed with the court substantiating this allegation.
[3] NY County Supreme Court, Index No. 159920/2022, Carolyn Gilliard v. Citibank et. al.

2

In response, Gilliard maintains that no proof exists to substantiate Holland's claims. She also argues that an inquiry into decedent's non-testamentary assets is the subject of the Supreme Court action and need not be resolved at the appointment stage of this estate's administration.

**Discussion**

Having considered all the facts and in the exercise of its discretion, the court concludes that Gilliard should be appointed as Preliminary Executor, with limitations, and that Holland should be appointed as a Temporary Administrator of the estate, with limitations.

*Preliminary Executor Appointment Requirements*

Though the parties dispute who should serve as this estate's fiduciary, Gilliard is undoubtedly the nominated executor in both propounded instruments. Over a century ago, the Court of Appeals affirmed that, "the testator . . . enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded" (*Matter of Leland*, 219 NY 387, 393 [1916]). Additionally, hostility between a nominated fiduciary and those interested in the estate does not itself require the denial of letters (*Matter of Rattner*, 107 AD3d 600 [1st Dept 2013]).

The court, nevertheless, has the authority to "limit or authorize the person named in such letters in any manner that the court deems advisable for the effective protection of the rights of all persons who may have an interest in the estate of the decedent" (SCPA 1412[4][a]). Even, "[w]here the will . . . explicitly dispenses with the filing of a bond the court shall nevertheless have full and complete discretion at any time . . . to require the person seeking such letters to file a bond in such amount as the court deems advisable under the circumstances of the particular case" (SCPA 1412[5]).

In this case, the primary dispute between the parties stems from the Citibank assets at issue in the Supreme Court action and Holland's concerns about Gilliard's appointment as fiduciary in view

3

of Gilliard's alleged misconduct related to decedent's assets. Since Gilliard has an interest in the outcome of that action as a plaintiff, for her to serve as the fiduciary of the estate and thereby become a defendant in that action appears to present a conflict of interest (*Globe & Rutgers Fire Ins. Co.* v. *Hines*, 273 F 774, 777 [2d Cir 1921], *cert denied* 257 US 643 [1921]["It is incongruous that the same person should direct and conduct both the prosecution and the defense of the same suit, no matter in what capacity he may appear"]; *Matter of Hunter*, 6 AD3d 117, 123 [2d Dept 2004] ["[T]hose who have a beneficial interest in a trust or estate 'ought not to be concluded by a proceeding instituted by [the trustee or executor] against himself'" (internal quotations and citations omitted)]).

For present purposes, however, Gilliard's wholesale disqualification as fiduciary is not warranted. That a nominated executor's character failings may be offensive to others is not a bar to her appointment unless it is clearly demonstrated that in the aggregate, they are unworthy of the fiduciary responsibilities to be undertaken (*Matter of Gottlieb*, 75 AD 3d 99 [1st Dept 2010]; *Matter of Flood*, 236 NY 408, 411 [1923] [stating that a nominated fiduciary's improvidence can preclude his appointment if his habits of mind render him generally unfit under all ordinary circumstances and quoting *Emerson v Bowers*, 14 NY 449, 454 (1856)]). Holland's concerns and the integrity of the estate can be addressed by the imposition of a bond as well as limitations to Gilliard's authority so that she may not represent the estate in the Supreme Court action. In light of the foregoing, Preliminary Letters will issue to Gilliard with bond and such limitations.

### *Temporary Administrator Appointment Requirements*

Letters of Temporary Administration may be granted "within the sound discretion of the Surrogate, who retains the power, *in equity*, to appoint a temporary administrator to conserve the assets of the estate in question" (*Matter of Mary Tiffany*, NYLJ, July 20, 2000, at 34, col 4 [Sur Ct,

4

Westchester County] [emphasis added]; *see Matter of Erlanger*, 136 Misc 793, *affd* 229 App Div 778 [1st Dept 1930]; *see also Matter of Smith*, 71 Misc 2d 248 [Sur Ct, Erie County 1972]; *Matter of Larsen*, 137 Misc 271[Sur Ct, Kings County 1930]). Moreover, any beneficiary or nominated executor under the last will of a decedent is eligible to serve as Temporary Administrator (SCPA 902[7]).

The court may limit the authority of a temporary administrator, "in any manner that the court deems advisable for the effective protection of the rights of all persons who may have an interest in the estate of the decedent" (SCPA 903[4][a]).

As mentioned previously, as a result of Gilliard's interest in the outcome of the Supreme Court action as plaintiff and considering the dispute as to whether the Citibank assets are estate assets, it is not in the best interests of the estate to appoint Gilliard as fiduciary to substitute in that action for decedent's estate as defendant.

The court therefore appoints Holland Temporary Administrator, with authority limited to representing decedent's estate in the Supreme Court action (*see* CPLR § 1015[a]).

## Order

Consistent with these determinations it is hereby:

ORDERED that Preliminary Letters Testamentary shall issue to Carolyn Gilliard upon her posting a bond in the amount of $300,000 and qualifying according to law; and it is further

ORDERED that the authority of Carolyn Gilliard as Preliminary Executor be limited, to the extent that she shall have no power to appear on behalf of or represent decedent's estate in the Supreme Court action (Gilliard v. Citibank et al. – NY County Supreme Court Index No: 159920/2022); and it is further

5

[* 5]

ORDERED that Letters of Temporary Administration shall issue to Dana Holland with her authority limited to representing the estate in the Supreme Court action (Gilliard v. Citibank et al. – NY County Supreme Court Index No: 159920/2022).

This decision constitutes the order of the court.

Clerk to notify counsel whose names and email addresses appear below.

Dated: December 30, 2024

*Rita Mella*
SURROGATE

TO:
Russel Morgan, Esq. – attorney for Dana Holland – at rmorgan@morganlegalny.com

Neva D. Strom, Esq. – attorney for Carolyn Gilliard – at neva.strom@gmail.com

6